IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

    Plaintiff,                          No. CIV S-05-0173 LKK PAN P

    vs.

DICKINSON, et al.,                 <u>ORDER AND ORDER DIRECTING SERVICE</u>

    Defendants.                  <u>BY THE UNITED STATES MARSHAL</u>

_____ /    <u>WITHOUT PREPAYMENT OF COSTS</u>

        Plaintiff is a state prisoner proceeding pro se upon a complaint for relief pursuant to 42 U.S.C. § 1983. On April 28, 2005, the court ordered the United States Marshal to serve process. On July 1, 2005, after unsuccessfully attempting service by mail, the Marshal returned process directed to defendant Sandham unserved. By order filed July 7, 2005, plaintiff was granted ninety days to discover defendant Sandham's present address and provide it to the court.

        On September 22, 2005, plaintiff sought an extension of that deadline. On September 23, 2005, plaintiff filed a document entitled "Motion Requesting Discovery." Plaintiff sought the court's assistance in obtaining a current address for defendant Sandham. On October 20, 2005, plaintiff's request for an extension of time in which to obtain information to serve defendant Sandham was granted. Plaintiff was granted until January 15, 2006 in which to provide this information.

1

1    On December 9, 2005, plaintiff filed a notice of submission of documents and
2 included one completed USM-285 form and two copies of the complaint for service of process
3 on defendant Dr. R.W. Sandham, 2993 Cottonwood #13, Orange CA  92865.   (Docket No. 46.)
4    On February 15, 2006, the court ordered plaintiff to show cause, within thirty
5 days, why defendant Sandham should not be dismissed for plaintiff's failure to comply with the
6 provisions of Fed. R. Civ. P. 4(m).  On March 9, 2006, plaintiff filed a document entitled
7 "Plaintiff's Attempt to Show Cause Not to Dismiss Pursuant to FRCP 4(m)."  Plaintiff recounts
8 his efforts to locate defendant Sandham including the fact he submitted the required documents
9 to serve defendant Sandham to the court on or about December 6, 2005.
10    As noted above, plaintiff had provided the service forms for service on defendant
11 Sandham on December 9, 2005.  Accordingly, the order to show cause will be discharged and the
12 U.S. Marshal will be directed to serve process on defendant Sandham forthwith.
13    In light of this order, plaintiff's motion to compel defendants to provide defendant
14 Sandham's address, filed September 23, 2005, will be denied as moot.
15    Good cause appearing therefor, IT IS HEREBY ORDERED that:
16    1.  Plaintiff's September 23, 2005 motion for discovery is denied without
17 prejudice (Docket No. 32);
18    2.  The February 15, 2006 order to show cause is discharged;
19    3.  The Clerk of the Court is directed to issue summons for defendant Dr. R.W.
20 Sandham and to forward the summons, the instructions for service of process (docket No. 46), a
21 copy of the complaint filed January 27, 2005 and a copy of this order to the United States
22 Marshal;
23    4.  Within ten days from the date of this order, the United States Marshal is
24 directed to notify defendant Sandham of the commencement of this action and to request a
25 waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28
26 U.S.C. § 566(c).

   5. The United States Marshal is directed to retain the sealed summons and a copy of the complaint in their file for future use.

   6. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

   7. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

   8. Defendant shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

   9. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

10. If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.  See Local Rule 1-102(d).

11. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

12. Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

13. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED:  March 21, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; aaro0173.cuo