IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

Plaintiff, No. CIV S-05-0173 LKK PAN P

vs.

DICKINSON, et al., ORDER

Defendants.

_______________________________/

Plaintiff is a state prisoner proceeding pro se upon a complaint for relief pursuant to 42 U.S.C. § 1983. On February 21, 2006, plaintiff filed a second motion to compel discovery. Defendants have filed an opposition and plaintiff has filed a reply.

In his January 27, 2005 complaint, plaintiff alleges that, *inter alia*, defendants were deliberately indifferent to his serious medical needs in failing to treat and unduly delaying treatment for his ruptured Achilles tendon suffered on August 2, 2003. Plaintiff also contends Dr. Dickinson refused to remove plaintiff from his job assignment until plaintiff was seen by a specialist. Plaintiff contends these actions violated his Eighth, Thirteenth and Fourteenth Amendment rights.

Initially, plaintiff appears to seek sanctions from defendants based on the fact plaintiff did not receive the first responses defendants allegedly mailed on December 22, 2005 to

plaintiff. In his motion, plaintiff states he only received a portion of the responses defendants mailed the second time. However, in his reply, plaintiff states he received the other half of the responses on February 21, 2006. Plaintiff asks the court to deem the admissions admitted and to waive any objections to the interrogatories.

First, the court notes plaintiff has provided a copy of the mail log for December 22, 2005, which confirms legal mail arrived for plaintiff at the institution on December 22, 2005. This log does not reflect the case number the mail concerned and counsel has not provided a copy of a receipt signed by plaintiff showing he received legal mail that day. Plaintiff states he does not believe the responses from defendants' counsel could have been mailed and received on the same day.

This court does not find good cause for the imposition of sanctions at this time. Once defendants were advised plaintiff had not received the responses, defendants sent a second set. Unfortunately, due to clerical error, a portion of the responses was omitted from the re-mailing. Now, however, plaintiff has received the responses. Plaintiff's prior request for an extension based on their delayed receipt was granted, and plaintiff has not demonstrated how he was prejudiced by the delay. Therefore, plaintiff's motion for sanctions will be denied.

The court now turns to plaintiff's second motion to compel. Defendants' responses do not conform to Local Rule 33-250 which requires the answers to be inserted beneath the request or, if the answer will not fit there, the answering party "shall retype the interrogatories along with the answers and/or objections." Id. This assists the court in ruling on objections and motions to compel. Similarly, "[r]esponses to requests for admission shall set forth each request in full before each response." Local Rule 36-250; see also Local Rule 34-250 (request for production of documents, same). Defendants are advised that in the future all discovery responses must conform to this court's Local Rules or counsel will be ordered to respond anew.

In addition, plaintiff's request for production of documents was also defective because it was not directed to a specific defendant or defendants. Fed. R. Civ. P. 26, 34.

Plaintiff is cautioned that future discovery requests must be directed to a specific party.

Plaintiff argues that the responses were not signed or verified and asks the court to find the objections to the interrogatories are waived and to consider the admissions admitted based on this defect. Rule 33(b)(2) requires that answers to interrogatories "are to be signed by the person making them, and the objections signed by the attorney making them." Fed. R. Civ. P. 33(b)(2). All the discovery responses were signed by counsel of record rather than the individual defendant. It appears that counsel objected to most of the interrogatories, but the answering party is required to sign the interrogatory answer or provide a verification that the answer is true and correct. Fed. R. Civ. P. 33. Good cause appearing, defendants will be directed to provide plaintiff with verifications for their answers, as appropriate. Insofar as the request for admissions, Rule 36(a) states that the matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party *or* by the party's attorney." (Id.; emphasis added.) Because counsel signed the responses to the requests for admissions, pursuant to the rule, plaintiff's objection is not well taken.

Discovery Items in Dispute

Plaintiff contends generally that his discovery requests were calculated to disclose information relevant to his claim. However, such general contentions are insufficient to challenge objections to discovery. Accordingly, the court will address those items plaintiff specifically disputed by number; the remainder of his motion to compel will be denied without prejudice to its renewal based upon a proper showing within the discovery deadline.

Request for production of documents no. 1: "Please produce all copies of regulations policies, memoranda, etc., dealing with the safety and security of "SNY" (Protective) custody prisoners." (Pl.'s February 21, 2006 Motion, attachment, at 2.) Defendants objected that this request was overbroad, burdensome, vague and ambiguous as to time, and sought irrelevant

information not reasonably calculated to lead to the discovery of admissible or relevant information. (Response at 3-4.) Plaintiff argues this request was calculated to provide information regarding the safety and security of protective custody prisoners. (Motion at 7.) Defendants' objections are well taken. This request is remarkably overbroad. Additionally, plaintiff has not demonstrated how information concerning the safety and security of protective custody prisoners is relevant to the claims in his complaint, and he has not limited the request to a reasonable period related to the time of the incidents alleged herein. No further response will be ordered.

Request for production of documents no. 7: "Please produce copies of as defined in "Operational Manual" Chap. 9 sections 93040.9 Nursing Scope of Practice 13 & P.C. 2725 Practice of Nursing Defined and also M.T.A.'s scope of practice under B&P C Article 2, 2959 with both sections cited subsections included." (Request at 4.) Defendants objected that this request was overbroad, burdensome, vague and ambiguous as to time, and sought irrelevant information not reasonably calculated to lead to the discovery of admissible or relevant information. (Response at 6.) Defendants further objected that they do not have access to much of the information sought as it is not in their control and may be protected by individuals' privacy rights. (Response at 6.)

Plaintiff contends the request for e-mails, "operational procedures," and "departmental operational manual," was not overbroad. Plaintiff does not identify to which request he was referring, and request no. 7 is the only request that used the phrase "operational manual." (See November 9, 2005 Request for Production, 1-5.) None of the requests asked for e-mails. Defendants' objections are well taken, and no further response will be required.

Finally, plaintiff is advised that there are institutional procedures in place that allows him access to his central and medical files at the prison. Plaintiff may obtain copies of documents contained in his central and medical files provided he follows the institutional procedures.

<u>Plaintiff's Request for Admission No. 1 to Defendant Roche (Set Two)</u>: "Please admit at the time of 11-24-03 you held supervisory position or position of authority as physician at High Desert State Prison." Defendant Roche objected on grounds it was vague and ambiguous, but without waiving objection, defendant responded that defendant Roche is a licensed physician in the State of California and has worked at High Desert State Prison. Defendant will be directed to tell plaintiff, in a verified response, any and all job titles held by Dr. Roche and the dates of the job titles in any employment with High Desert State Prison during the period from November 24, 2003 to December 31, 2004.

<u>Plaintiff's Request for Admission No. 2 to Defendant Roche (Set Two)</u>: "Please admit Doctor Dickinson worked under your supervision during the period 11-24-03, you being chief physician and surgeon." Defendant Roche objected on the grounds that it was vague and ambiguous as phrased (i.e., during the period 11-24-03, you being, being") and was unintelligible. Plaintiff repeats his argument as to request for admission no. 1. The handwritten request provided to the court by plaintiff did not include a repeating of the word "being." Although the request is awkwardly worded, it appears plaintiff is attempting to ask defendant Roche to admit or deny whether on November 24, 2003, Dr. Dickinson worked under Dr. Roche's supervision. Defendant will be directed to tell plaintiff.

<u>Plaintiff's Request for Admission No. 13 to Defendant Roche (Set Two)</u>: "Please admit the conditions stated above #12 can cause swelling and throbbing pain." Defendant objected to this request for admission on the grounds that it was vague and ambiguous as phrased and as to time and was unintelligible. Defendant further objected that this request did not provide sufficient information necessary to respond and was an incomplete hypothetical.

In his motion to compel, plaintiff stated "see Admission #13." (Motion at 8.) Plaintiff contends that defendant admits in his objection to #1 of set two that defendant is a licensed physician at High Desert State Prison. Plaintiff argues that his medical records confirm plaintiff suffered a ruptured Achilles tendon and argues that a physician would know whether or

not a ruptured tendon is a serious medical need. Plaintiff contends defendant's response is improper and evasive. (Motion at 9.) Defendants' objections are well taken, and no further response will be ordered.

Finally, the court notes that plaintiff's motion to compel was accompanied by 129 pages of exhibits, which included all of defendants' responses, including those not at issue, as well as a copy of all of plaintiff's discovery requests, including those not at issue. When discovery disputes arise, only that part of the set of interrogatories and answers that is in issue shall be filed. Local Rule 33-250(c). Only that part of the request for admission and response that is in issue shall be filed. Local Rule 36-250. Thus, plaintiff is cautioned that he need not submit entire copies of all discovery propounded and answered; he need only submit the specific requests and responses that are at issue. Once defendants provide their responses that include the discovery request, plaintiff need only provide the specific request and response at issue.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's February 21, 2006 motion to compel is granted in part.

2. Within twenty days from the date of this order, counsel for defendants Abamonga, Barton, Casey, Daniels, Hemphill, Roche, Rohlfing, Singleton, Dickinson, Porter and Grannis shall verify the answers to interrogatories previously provided.

3. Within twenty days defendant Roche shall provide the answers directed in the discussions of requests for admissions numbers one and two above.

4. Plaintiff's motion to deem the requests for admissions directed to Dr. Roche to be deemed admitted is denied.

5. In all other respects, plaintiff's motion to compel further responses is denied.

/////

/////

/////

/////

6. Plaintiff's motion to impose sanctions is denied.

DATED: March 21, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; aaro0173.mtc