IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

    Plaintiff,                    No. CIV S-05-0173 LKK PAN P

    vs.

DICKINSON, et al.,

    Defendants.              ORDER

                              /

        On April 19, 2006, plaintiff filed a motion to compel further responses to certain requests for admissions contained in three separate sets of requests.[1] Plaintiff filed each set of requests for admissions, followed by three separate sets of responses. The responses to the requests for admissions do not contain the requests. As noted in this court's prior order, "[r]esponses to requests for admissions shall set forth each request in full before each response." Local Rule 36-250." (March 23, 2006 Order at 2; Docket No. 69.) Thus, defendants' responses do not conform to the Local Rules. Plaintiff has set forth the disputed requests at pages 6 - 13 of his April 19, 2006 motion. (Docket No. 74.)

---

[1] Plaintiff included in his motion a request for reconsideration of this court's March 23, 2006 order. This request is a matter for the district court and will probably be addressed by the district court by separate order.

1

Accordingly, defendants will be directed to properly respond to the requests at issue within ten days or the disputed requests for admissions will be deemed admitted. Plaintiff's motion to compel will be denied without prejudice to its renewal once proper responses have been provided. Plaintiff is reminded that once proper responses are provided, he need only file the specific disputed request and response. (Local Rule 36-250.) He need not file a complete copy of his requests or the responses. (Id.)

On April 19, 2006, plaintiff also filed a motion for subpoenas pertaining to two items. First, plaintiff contends he has sought a copy of one page from the Unit Entry log book "CDC 114" for the administrative segregation unit at High Desert State Prison for August 2, 2003 around 1:30 p.m. from defendant Abamonga. Plaintiff alleges defendant Abamonga refused. This matter is more appropriately raised in a motion to compel production of the document plaintiff seeks. Plaintiff has not provided a copy of the specific request he posed to defendant Abamonga, nor a copy of defendant Abamonga's response. Plaintiff's motion for a subpoena for this document will be denied without prejudice to its proper renewal as a motion to compel production of the document.

Second, plaintiff seeks a photograph of the door leading to the administrative segregation exercise yard. Plaintiff again contends he sought this from defendants in his request for production of documents, set #1. This matter is more appropriately raised in a motion to compel production of the photograph defendant seeks. Plaintiff has not provided a copy of the specific request he posed nor a copy of defendants' denial. Plaintiff's motion for a subpoena for this photograph will be denied without prejudice to its proper renewal as a motion to compel production of the photograph. However, plaintiff is cautioned that if defendants' response was that no photograph exists, that response is sufficient. Defendants are not required to produce evidence or photographs in response to discovery requests; they are only obligated to produce those relevant items within their possession or control.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days from the date of this order, defendants shall properly respond to the disputed requests for admissions.

2. Plaintiff's April 19, 2006 motion to compel is denied without prejudice.

3. Plaintiff's April 19, 2006 motion for subpoenas is denied.

DATED: April 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/mp:001
aaro0173.mtc2