IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

    Plaintiff,                         No. CIV S-05-0173 LKK PAN P

    vs.

DICKINSON, et al.,

    Defendants.                     <u>ORDER AND REVISED</u>

                                    /      <u>SCHEDULING ORDER</u>

        Plaintiff is a state prisoner proceeding pro se upon a complaint for relief pursuant to 42 U.S.C. § 1983. On May 12, 2006, plaintiff filed a third motion to compel discovery. Defendants have filed an opposition. On May 17, 2006, plaintiff filed a fourth motion to compel discovery. This motion was presented to prison authorities for mailing on May 14, 2006.

        The court's October 20, 2005 scheduling order stated that discovery shall be conducted so that all discovery shall be completed and any motion necessary to resolve a discovery dispute shall be filed, briefed, heard, decided and any order complied with by February 17, 2006. On February 15, 2006, that date was extended to May 15, 2006.

        However, a review of this court's prior orders concerning discovery in this case reveals plaintiff's difficulties in obtaining discovery on a timely basis from counsel for defendants. (<u>See</u> Orders filed March 23, 2006 and April 27, 2006.) Moreover, defendants'

counsel states that on April 10, 2006 he mailed a letter to plaintiff seeking an extension of time within which to serve responses to the Requests for Admission propounded to defendants Grannis, Hemphill, Rohlfing, Abamonga and Singleton, and the Request for Production of Documents.[1]  Counsel's letter stated:

> Please advise, in writing, if there is a problem with this request.  If I do not hear from you, I will assume that you have granted the extension.

(Opp'n. at 5.)  Plaintiff claims he did not receive this request and would not have agreed to such an extension in any event, particularly since the extension of time exceeded the May 15, 2006 discovery deadline by five days.

Both parties have placed the court in a difficult position.  First, it appears these discovery requests were served so late in the discovery period that little time was left to resolve any disputes concerning responses.  Second, seeking a request for an extension to respond to requests for admissions from an incarcerated party, by mail, and then declaring acquiescence if no response was received, is unacceptable.  If defendants need additional time to respond, particularly so close to the discovery deadline, leave of court should be requested.

Defendants' counsel states that on May 15 he served responses to the request for production of documents and on May 17 he served responses to the requests for admission. Moreover, by letter filed July 12, 2006, plaintiff stated he is "diligently pursuing the prison on verification of the mail forwarded by counsel" through the prison grievance system.  (Id.)  On May 26, 2006, plaintiff states he received defendants' response to the request for production of documents, due May 3, 2006.  (Pl.'s June 7, 2006 Response at 4.)  Plaintiff states, however, he has not received defendants' discovery responses alleged to have been served on May 17, 2006. (Id.)  Defendants have not stated they have re-served a copy of those responses on plaintiff.

---

[1] Although defendants make much of plaintiff propounding his discovery requests on a Sunday (March 19, 2006), presumably that is the date plaintiff presented the documents to prison authorities for mailing.

1  Accordingly, although plaintiff's motions may have been prematurely brought, in light of the
2  above, the court will extend the discovery deadline for a brief period for the sole purpose of
3  resolving the discovery disputes pertinent to the March 19, 2006 discovery requests and
4  plaintiff's motion to compel a further response to defendant Rohlfing's response to Request for
5  Admissions, Set 1, No. 2.  (May 12, 2006 Motion at 4.)
6        Plaintiff is cautioned that he should limit any motion to compel to include only
7  those specific requests that are at issue and shall only provide a copy of defendants' answer that
8  includes the request at issue.  Only that part of the request for admission and response that is in
9  issue shall be filed.  Local Rule 36-250.  The same limit applies to responses to the requests for
10 production of documents propounded on March 19, 2006.
11       Because plaintiff has not received responses to the instant discovery requests, nor
12 had sufficient time to seek resolution of any disputed items, it appears plaintiff's July 7, 2006
13 motion for summary judgment is premature.  Plaintiff's motion will be denied without prejudice
14 to its renewal once discovery is completed in this case.  The deadline for filing dispositive
15 motions will be extended.
16       Finally, plaintiff has filed a motion to appoint an expert witness for trial.  This
17 motion is premature.  Plaintiff's motion will be denied without prejudice to its renewal at the
18 time plaintiff files his pretrial statement, following resolution of dispositive motions herein.
19       Accordingly, IT IS HEREBY ORDERED that:
20       1.  Plaintiff's May 12, 2006 motion to compel is denied without prejudice.
21       2.  Plaintiff's May 17, 2006 motion to compel is denied without prejudice.
22       3.  The May 15, 2006 discovery deadline is extended to August 31, 2006, solely
23 for the purpose of resolving discovery disputes pertinent to the March 19, 2006 discovery
24 requests and plaintiff's motion to compel a further response to defendant Rohlfing's response to
25 Request for Admissions, Set 1, No. 2.  Neither party may initiate new discovery requests as
26 discovery is closed as to all other matters.

1   4. The July 14, 2006 dispositive motion deadline is extended to October 19, 2006.

2   5. The pretrial conference scheduled for November 4, 2006 is continued to January 25, 2007.  Plaintiff's pretrial statement shall be filed on or before January 4, 2007 and defendants' pretrial statement shall be filed on or before January 18, 2007.  Trial confirmation hearing and trial dates will be set in the court's pretrial order.

3   6. Plaintiff's July 7, 2006 motion for summary judgment is denied without prejudice.

4   7. Plaintiff's June 22, 2006 motion for expert witness is denied without prejudice.

DATED: July 25, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; aaro0173.mtc3