IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

      Plaintiff,                    No. CIV S-05-0173 LKK PAN P

    vs.

DICKINSON, et al.,

      Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se upon a complaint for relief pursuant to 42 U.S.C. § 1983.

        On August 2, 2006, plaintiff filed a request asking that if the court would not revisit plaintiff's motion for summary judgment that the court return the motion with the appended exhibits to plaintiff so that he might use that material in a future dispositive motion. Because the court extended the discovery deadline and discovery responses have been provided during the pendency of plaintiff's July 7, 2006 motion, the court will not revisit plaintiff's motion. Moreover, once documents are provided to the court they may not be returned to the parties as they remain a part of the public record. However, because the court *sua sponte* extended the discovery deadline, rendering plaintiff's motion premature, the court will grant plaintiff's request to be provided with copies of his motion and supporting documents. Plaintiff

1

is cautioned, however, that he should retain photocopies of all future court filings as the court normally does not provide photocopies without prepayment of photocopying charges. Good cause appearing, the Clerk of the Court will be directed to send plaintiff a copy of plaintiff's filings made on July 7, 2006 (docket nos. 86, 87, 88).

Also, on August 2, 2006, plaintiff filed a request for entry of default[1] as to defendant Sandham. Defendant Sandham was ordered served by the U.S. Marshal on March 23, 2006. On April 12, 2006, the U.S. Marshal filed a return of service noting service of process on defendant Sandham had been executed. Defendant Sandham signed a waiver of service of summons on April 3, 2006, and was notified therein that failure to timely file an answer or motion under Fed. R. Civ. P. 12 might result in entry of judgment against him. However, on August 21, 2006, defendant Sandham filed an answer and an opposition to the motion for entry of default against him. Defendant Sandham has shown good cause for his failure to timely respond. Accordingly, plaintiff's August 2, 2006 motion for default will be denied.

On May 26, 2006, plaintiff filed a fourth motion to compel discovery. On July 26, 2006, discovery was reopened for the limited purpose of resolving discovery disputes pertinent to the March 19, 2006 discovery requests. In briefing responsive to that request, plaintiff maintained he had not yet received responses to the requests for admissions at issue in the May 26, 2006 motion to compel. Good cause appearing, the court will rule on plaintiff's May 26, 2006 motion to compel.

<u>Requests for Admission posed to Defendant Abamonga:</u>[2]

Request No. 2: Defendant's objection that the request is vague and ambiguous as phrased is well taken. Plaintiff's motion to compel further response to this request for admission will be denied.

---

[1] Although plaintiff's motion is entitled motion for default judgment, clerk's entry of default has not yet occurred. The court will therefore construe plaintiff's motion as a motion for entry of default, which must be entered first.

[2] The requests and responses are fully set forth in Exhibit 1 to plaintiff's May 26, 2006 motion to compel and are not repeated herein.

Request No. 4: Defendant's objection that the request is vague and ambiguous as phrased is well taken; plaintiff's motion to compel further response will be denied.

<u>Requests for Admission posed to defendant Dickinson:</u>[3]

Request No. 5: Defendant objects that this request for admission is vague and ambiguous because it refers to an Exhibit A, but no Exhibit A was appended. Defendant's objection is sustained. Although plaintiff contends the subject Exhibit A had been earlier provided to defendant, the request for admission does not sufficiently identify Exhibit A such that defendant could discern to what document plaintiff referred. Plaintiff's motion to compel further response will be denied.

Request No. 7: This request referred to the same exhibit which was not appended. Defendant's objection is sustained. Plaintiff's motion to compel further response will be denied.

Request No. 12: Defendant objected to this request as vague and ambiguous but, without waiving objection, went on to respond that "[d]efendant admits observing swelling to plaintiff's right ankle on August 29, 2003." Defendant's response is adequate as to August 29, 2003. However, defendant will be required to admit or deny whether he observed swelling to plaintiff's right ankle on September 26, 2003 or November 24, 2003. Plaintiff's motion to compel further response to Request No. 12 will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 2, 2006 request (docket no. 94) is partially granted.

2. The Clerk of the Court is directed to send plaintiff a copy of plaintiff's July 7, 2006 filings (docket nos. 86, 87, 88).

3. Plaintiff's August 2, 2006 motion for default is denied.

/////
/////
/////

---

[3] The requests and responses are set forth in plaintiff's exhibit 2 appended to the May 26, 2006 motion to compel and are not repeated herein.

4. Within twenty days from the date of this order, defendant Dickinson shall admit or deny whether he observed swelling to plaintiff's right ankle on September 26, 2003 or November 24, 2003.

5. In all other respects, plaintiff's May 26, 2006 motion to compel is denied without prejudice.

DATED: August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; aaro0173.mtc4