IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

Plaintiff, No. CIV S-05-0173 LKK EFB P

vs.

DICKINSON, et al.,

Defendants. ORDER

_______________________________/

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2006, defendant Dickinson was ordered to admit or deny, within twenty days, whether he observed swelling to plaintiff's right ankle on September 26, 2003, or November 24, 2003. Plaintiff filed a motion to compel and/or for sanctions on October 2, 2006, asserting that Dickinson had not complied with the order. On October 3, 2006, defendants filed an opposition to plaintiff's motion, stating that defendants had complied with the court order by serving Dickinson's response on plaintiff. Defendant's opposition also sets forth the content of that response. Good cause appearing, plaintiff's motion to compel is denied as unnecessary and plaintiff's motion for sanctions is denied as unwarranted.

////

/////

On October 2, 2006, plaintiff filed a motion for an extension of time to file dispositive motions. Good cause appearing, plaintiff's request is granted.

On October 23, 2006, plaintiff filed a motion to file a supplement to his complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides that a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" may be permitted upon motion of a party. As a general rule, the grant or denial of leave to file a supplemental pleading is within the discretion of the court. *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988). In determining whether leave should be granted, the court will consider the following factors: (1) whether there is a reasonable relationship between the original and supplemental pleading; (2) whether granting the request is in the interest of judicial economy and will promote the speedy resolution of the entire controversy between the parties; (3) whether there was undue delay by the moving party in seeking leave; and (4) whether granting the motion will prejudice the opposing party. 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1506 (2d ed. 1987).

In his motion, plaintiff alleges that he is being denied access to the courts at a facility to which he was transferred due to reasons not related to the instant litigation. The court finds that plaintiff's supplemental complaint lacks a reasonable relationship between his original and supplemental pleading, because although the current restrictions on his access to the court may impact his ability to litigate in the present case, the facts involve different events, individuals, facilities, and claims. Supplementing plaintiff's operative complaint will therefore not serve judicial economy or the speedy resolution of this matter. Additionally, plaintiff has recourse to address this complaint at his facility and must exhaust those administrative remedies prior to filing a complaint. Accordingly, plaintiff's motion to supplement his complaint is denied.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 2, 2006, motion to compel is denied;

2. Plaintiff's motion for sanctions is denied;

2. Plaintiff's October 2, 2006, motion for an extension of time is granted.

3. The October 19, 2006, dispositive motion deadline is extended to thirty days from the date of this order.

4. The pretrial conference scheduled for January 25, 2007, is vacated and will be reset as appropriate following the disposition of any motions. Trial confirmation hearing and trial dates will be set in the court's pretrial order.

5. Plaintiff's October 23, 2006, motion to file a supplemental compliant is denied.

Dated: November 20, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE