IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE L. AARON,

        Plaintiff,                      No. CIV S-05-0173 LKK EFB P

    vs.

DICKINSON, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the January 27, 2005, complaint in which plaintiff claims that defendants deprived him of adequate medical treatment for an urgent medical need. Plaintiff filed a motion for a temporary restraining order and a preliminary injunction stating that his annual review resulted in a classification change and placement on a transfer list. He requests an order directing defendants to keep him at his institution of incarceration alleging that a transfer will prejudice his prosecution of this action, by removing him from his employment at his current facility of incarceration, thereby rendering him unable to financially secure the attendance of witnesses at trial. As explained below, plaintiff is not entitled to the relief he seeks.

////

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff seeks an order prohibiting his transfer to another facility alleging that a transfer will prejudice his prosecution of this action. He argues that his employment in the prison allows him to earn and save funds to pay for the transportation of his witnesses. He has not address the standards applicable to his motion and has failed to show that he is likely to prevail on the merits, or that he has even raised serious questions. Assuming at least serious questions as to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He alleges that a transfer to another

1  institution will prejudice his pending trial in this action with respect to the attendance of
2  witnesses.  He states that his employment in the Prison Industry Association is enabling him to
3  save funds with which to pay for the transportation of his witnesses and that transfer to another
4  institution that does not offer the PIA work program will impact his ability to pay for the
5  attendance of witnesses at trial.  He does not assert that the prisons on the list of facilities to
6  which he may be transferred do not, in fact, offer the same employment opportunities, nor does
7  he explain why he would not otherwise be able to secure work in a different facility, particularly
8  at his new less-restrictive classification.

9  In his pretrial statement, plaintiff names inmates at the prison as prospective witnesses.
10 Section 1821(f) of Title 28 of the United States Code provides that "any witness who is
11 incarcerated at the time that his or her testimony is given . . . may not receive fees or allowances
12 under this section, regardless of whether such a witness is incarcerated at the time he or she
13 makes a claim for fees or allowances under this section."  Plaintiff also names three
14 unincarcerated witnesses.  To obtain the presence of a witness who is at liberty and who refuses
15 to testify voluntarily, the party who intends to present that witness's testimony must complete a
16 subpoena and submit it to the United States Marshal for service upon the witness.  Blank
17 subpoena forms may be obtained from the Clerk of the Court.  Completed subpoenas must be
18 submitted *not earlier than four weeks and not later than two weeks before trial*.  The party must
19 also tender through the United States Marshal a money order payable to the witness in the
20 amount of the daily witness fee, $40.00, *plus the witness's travel expenses*.  If plaintiff seeks
21 the witness's presence and proceeds *in forma pauperis*, then plaintiff must also submit a copy of
22 the order granting him leave so to proceed.  The United States Marshal *will not serve a subpoena*
23 *upon an unincarcerated witness without the witness fee and travel expenses having been*
24 *tendered*.  No statute authorizes the use of public funds for expenses in civil cases and so even a
25 plaintiff proceeding *in forma pauperis* must tender the fees.
26 ////

3

Plaintiff has not made a showing that a transfer would prejudice his ability to prosecute this case.[1]

Furthermore, only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Neither the Warden nor the classification committee at the prison are named as parties to this action and plaintiff makes no showing that anyone at the prison whose duty it is to arrange for the transfer of inmates in and out of the prison doors has acted in concert or participated with defendants to violate plaintiff's rights. Plaintiff is not entitled to a preliminary injunction against the classification committee or the Warden, or anyone else in such a position to decide to transfer plaintiff to a different institution.

Because plaintiff has not demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions have been raised regarding the merits of his claims and that the balance of relative hardships tips sharply in his favor, he has not met his burden on the instant motion.

Accordingly, it is hereby RECOMMENDED that plaintiff's August 22, 2007, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

---

[1] Plaintiff was ultimately transferred to Avenal State Prison as of January 2008, rendering this motion moot. In any event, the undersigned chooses to issue a reasoned opinion.

4

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: February 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE